UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANGELA L. EASON-GOURDE,                      :
                                             :
                    Plaintiff,               :
                                             :                    **ORDER**
             -against-                       :
                                             :            14 Civ. 7359 (WFK) (VMS)
DEPARTMENT OF EDUCATION and                  :
NEW YORK CITY,                               :
                                             :
                    Defendants.              :
--------------------------------------------------------x

**VERA M. SCANLON, United States Magistrate Judge:**

Plaintiff Angela L. Eason-Gourde ("Ms. Eason-Gourde" or "Plaintiff") filed this action

pro se against the Department of Education ("DOE") and New York City (the "City")

(collectively, "Defendants"), alleging a violation of the Americans with Disabilities Act of 1990,

42 U.S.C. §§ 12112 et seq. Plaintiff moves for leave to proceed in forma pauperis. Mot. to

Proceed In Forma Pauperis ("IFP Mot."), ECF No. 2. For the reasons stated herein, Plaintiff's

motion to proceed in forma pauperis is **granted**.

## I.     Plaintiff's Application to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915, the Court may waive the $400.00 filing fee to commence a civil

action upon finding that the plaintiff is indigent. See 28 U.S.C. §§ 1914-1915. The

determination of whether a plaintiff qualifies for in forma pauperis status is within the discretion

of the district court. See DiGianni v. Pearson Educ., No. 10 Civ. 206, 2010 WL 1741373, at *1

(E.D.N.Y. Apr. 30, 2010). In this case, Plaintiff has provided specific financial information that

demonstrates her income and savings consist of public assistance and a $5,900.00 settlement

from a car accident, which was received in April 2014. The Court finds that Plaintiff's financial

status qualifies her to commence this action without prepayment of filing fees.  See 28 U.S.C. § 1915(a)(1).

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y.C. Charter § 396.  Concerning the DOE, however, the Second Circuit has noted that "departments of the City of New York typically, perhaps uniformly, have been created by the City Charter, which does not create a New York City Department of Education."  Ximines v. George Wingate High Sch., 516 F.3d 156, 159 (2d Cir. 2008).  "The DOE . . . is a creation of the BOE [Board of Education] through the BOE's bylaws" and the BOE is "required to be[] separately sued for its alleged torts, as the City [cannot] not be held liable for the BOE's actions."  Matson v. Bd. of Educ. of City Sch. Dist. of New York, 631 F.3d 57, 77 (2d Cir. 2011); see Fierro v. City of New York, No. 12 Civ. 3182 (AKH), 2013 WL 4535465, at *2 (S.D.N.Y. Apr. 22, 2013) ("Despite the education reforms of 2002, the City remains a separate legal entity from DOE.") (listing cases); see also Nacipucha v. City of New York, 18 Misc. 3d 846, 851, 849 N.Y.S.2d 414, 419 (Sup. Ct., Bronx Cnty. 2008) (describing a 2002 mayoral notice for service on the DOE and BOE).  Therefore, although courts typically construe the claims of pro se plaintiffs against City agencies as being brought against the City, see D'Attore v. N.Y.C. Dep't of Correction, No. 10 Civ. 815 (JSR) (MHD), 2012 WL 4493977, at *5 n.2 (S.D.N.Y. Sept. 27, 2012), report & recommendation adopted, No. 10 Civ. 815 (JSR) (MHD), 2012 WL 5951317 (S.D.N.Y. Nov. 28, 2012), no such correction is warranted in this case.

The Clerk of Court is respectfully requested to issue summonses as to the DOE and the City.  Once the summonses issue, the United States Marshals Service ("USMS") is respectfully

requested to serve the summons and complaint on the DOE and the City without prepayment of the filing fee, and to promptly file affidavits or waivers of service.

In addition, in her Complaint, Plaintiffs states that the alleged discriminatory acts occurred on November 18, 2013; that that she filed a charge with the New York State Division of Human Rights ("NYSDHR") or the New York City Commission on Human Rights ("NYCCHR") on the same day, November 18, 2013; that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on September 18, 2014; and that she received a Right to Sue letter from the EEOC that same day, September 18, 2014. On or before January 9, 2015, Plaintiff is to file a letter to the Court stating 1) whether she wishes to make any corrections to the above dates; 2) whether she filed a charge with the NYSDHR or NYCCHR that was separate from the charge she filed with the EEOC; and 3) if any charge remains open before the NYSDHR or NYCCHR.

## II.    Service and Filing of Other Papers

Pro se Plaintiff is informed that the service and filing of papers other than the summons and the original complaint are governed by Federal Rule of Civil Procedure ("Rule") 5, as well as by the applicable Individual Rules of District Judge William F. Kuntz, II and Magistrate Judge Vera M. Scanlon. These Individual Rules are available on the Court's website[1] and, if Plaintiff is not able to access the website and so requests, the Court will mail Plaintiff a copy of the Individual Rules.

Although pro se Parties are automatically exempt from mandatory electronic filing, they are not exempt from the service and filing requirements of Rule 5.

---

[1] https://www.nyed.uscourts.gov

In cases involving <u>pro se</u> Parties, Parties represented by counsel are still subject to mandatory electronic filing and must serve any filings on the <u>pro se</u> litigant(s) by mail.[2]

### III.    Consent for Electronic Service

If eligible, a <u>pro se</u> Party may choose to receive electronic notification of court-issued filings by 1) reading and completing the enclosed form titled "Instructions for Pro Se Registration and Consent for Electronic Service of Orders and Notices Issued by the Court in Civil Cases" and 2) returning it to the Court at the address listed on the form.  This form is also available at https://www.nyed.uscourts.gov/forms/all-forms/prose_forms.

As explained on the form, if a <u>pro se</u> Party consents to electronic service, that Party will be sent notices of electronic filings via e-mail.  As the Party will receive court-issued documents only in electronic form, the Party must maintain a valid e-mail address and regularly check his/her e-mail.[3]  By consenting to electronic service, the Party waives his/her right to receive service of court-issued documents by mail.

### IV.    Change of Address

<u>Pro se</u> Parties are required to advise the Clerk of Court of any change of address, telephone number or email address.  A <u>pro se</u> Party's failure to keep the Court so informed means the Court may be unable to contact him/her, which may result in the dismissal of the case for failure to prosecute or a finding of default.

---

[2] Service by mail is not required if the <u>pro se</u> litigant has consented to electronic service, as described <u>infra</u>.

[3] If a <u>pro se</u> Party has more than one action pending before the court, the Party must complete a separate Registration and Consent form for each case in which he/she wants to receive electronic notifications.

### V.     The Pro Se Office

A pro se Party may contact the Pro Se Office at (718) 613-2665 or visit the Court's website at https://www.nyed.uscourts.gov/self-representation for general information regarding court procedures.

Corporations may not proceed pro se and must be represented by counsel.

### VI.     Conclusion

Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is **granted**. The Clerk of Court is respectfully requested to issue summonses as to the DOE and the City. Once the summonses issue, the United States Marshals Service ("USMS") is respectfully requested to serve the summons and complaint on the DOE and the City without prepayment of the filing fee, and to promptly file affidavits or waivers of service.

In addition, on or before January 9, 2015, Plaintiff is to file a letter to the Court stating 1) whether she wishes to make any corrections to the dates provided in her Complaint; 2) whether she filed a charge with the NYSDHR or NYCCHR that was separate from the charge she filed with the EEOC; and 3) if any charge remains open before the NYSDHR or NYCCHR.

Chambers will mail a copy of this Order to the Plaintiff.

**SO ORDERED.**

Dated:  Brooklyn, New York
        December 23, 2014

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge